NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0435n.06

Case No. 21-3259

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Sep 17, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| LEO C. BIGGS, JR., | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: ROGERS, GRIFFIN, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Does obesity alone justify finding a high risk of COVID-19 complications in a prison setting? The district court held that for Leo Biggs, it did not. We agree and affirm.

In 2014, Biggs pled guilty to several drug-related offenses, and the district court sentenced him to 132 months in prison. While he was serving that sentence, COVID-19 struck. Biggs moved for compassionate release, arguing that his obesity and the prison's mismanagement of the pandemic put his health at risk. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The district court denied his motion. It highlighted that his obesity wasn't severe and that he was an otherwise healthy thirty-six-year-old. Biggs appealed.

We review a district court's denial of a motion for compassionate release for an abuse of discretion. *See United States v. Elias*, 984 F.3d 516, 520 (6th Cir. 2021). The court may grant an

inmate-filed motion when both: (1) "extraordinary and compelling reasons" warrant a sentence reduction, and (2) the § 3553(a) sentencing factors support a reduction. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

In determining "extraordinary and compelling reasons," district courts may ask: (a) whether "the defendant is at high risk of having complications from COVID-19" and (b) whether "the prison where the defendant is held has a severe COVID-19 outbreak." *Elias*, 984 F.3d at 520 (citation omitted). But a district court need not follow this two-part analysis. *Id.* at 520 n.1.

Biggs faults the district court for looking beyond his obesity in determining that he was not at high risk of COVID-19 complications. But the district court acted well within its discretion by considering other related factors in its calculus. *See id.*

What's more, this case is almost identical to a recently decided case. *See United States v. Gray*, 855 F. App'x 281 (6th Cir. 2021). Like here, the inmate sought release due to his obesity. *Id.* at 282. And like here, the district court recognized that obesity can increase a defendant's risk of serious COVID-19 symptoms. *Id.* But in the end, like here, the district court found that "without evidence of ill effects," "obesity alone" doesn't rise to an extraordinary and compelling reason. *Id.* (citation omitted). On appeal, we held that the district court appropriately weighed the lack of evidence "that [the defendant's] obesity [was] poorly managed in prison," or that it had "any other impact on his health." *Id.* at 283 (citation omitted). We see no reason to depart from that reasoning.

As the district court found, Biggs has managed his obesity while in prison. Indeed, to his credit, he has lost weight. And just like the *Gray* court acknowledged no other health effects stemming from the defendant's obesity, the court here found that Biggs's obesity was not "severe or accompanied by significant or debilitating symptoms." R. 70, Pg. ID 629. It added that Biggs

had an otherwise clean bill of health—he didn't have "any other conditions or ailments." Finally, the court highlighted his young age. Weighing these factors together with Biggs's obesity diagnosis was well within the district court's discretion for the extraordinary-and-compelling-reasons analysis.

Lastly, Biggs argues that the district court should have considered the prison's poor handling of COVID-19—part (b) mentioned above. But since the district court found under part (a) that Biggs's obesity alone did not pose a high enough risk of COVID-19 complications, there was no need to address the prison's management of the pandemic. Besides, the two-part framework is merely a suggestion; the district court was free to define the extraordinary-and-compelling analysis differently. *Cf. Elias*, 984 F.3d at 520 n.1.

In sum, the district court permissibly determined that "obesity alone, without evidence of ill effects" was not enough to show a high risk of COVID-19 complications. *Gray*, 855 F. App'x at 282 (citation omitted). We agree and affirm.